```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division

ABDOLALI MEHRAZ,                  )
     Plaintiff,                   )
                                  )
        v.                        )  Civil Action No. 1:11cv1225
                                  )
AMERICAN AIRLINES,                )
     Defendant.                   )
                                  )
```

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's failure to attend the initial pretrial conference on May 7, 2014, and plaintiff's failure to appear at the Show Cause hearing on May 20, 2014. (Dkts. 17 and 22.) Following the Show Cause hearing, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

I.   PROCEDURAL HISTORY

Plaintiff filed a Complaint in this action on November 9, 2011, stating that "[he] believe[s] [he] was discriminated against because of [his] national origin (Iranian) and religion (Muslim)." (Dkt. 1 at 1.) Plaintiff ostensibly claims that defendant, his former employer, "treated [plaintiff] more harshly than [his] similarly situated non-Iranian, non-Muslim coworkers" when it terminated plaintiff's employment after he had a verbal confrontation with a coworker. (Id. at 1–3.)

On February 28, 2012, defendant filed a suggestion of

1

bankruptcy advising that defendant and several of its affiliates and subsidiaries had filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (Dkt. 7.)  The Court stayed this matter pursuant to 11 U.S.C. § 362(a) on February 29, 2012.  (Dkt. 9.)

Defendant notified the Court on April 14, 2014, that the automatic bankruptcy stay was no longer in effect in this case. (Dkt. 10.)  On April 15, 2014, the Court lifted the stay and issued a Scheduling Order that set the initial pretrial conference for May 7, 2014, the discovery cut-off date of August 15, 2014, and the final pretrial conference for August 21, 2014. (Dkts. 11 and 12.)  The Court also ordered that the parties submit discovery plans by the Wednesday before the initial pretrial conference. (Dkt. 12.)

Defendant timely filed its discovery plan on April 30, 2014, and answered plaintiff's Complaint on May 2, 2014.  (Dkts. 14-16.)  Plaintiff neither filed a discovery plan nor appeared at the initial pretrial conference on May 7, 2014.  (Dkt. 17.) Following the initial pretrial conference, the undersigned issued an order that approved defendant's discovery plan and bound plaintiff by that plan.  (Dkt. 18.)  The undersigned also ordered plaintiff to show cause at 10:00 a.m. on May 20, 2014, as to why he should not be held in contempt of this Court for

2

failure to comply with the Order of April 15, 2014. (Dkt. 19.)

Plaintiff never appeared at the Show Cause hearing on May 20, 2014, has not otherwise responded to the Court's Orders or defense counsel's attempts at contact, and has not engaged in discovery.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." Bush v. Adams, 2010 U.S. Dist. LEXIS 27991 (E.D. Va. Mar. 24, 2010) (quoting McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976)(internal quotes omitted)). In addition to the authorization provided by Fed. R. Civ. P. 41(b), a District Court retains an "inherent power" to dismiss for failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

In the instant case, the undersigned finds that plaintiff has failed to prosecute his action by (1) disregarding the Court's Order of April 15, 2014, when he neither appeared at the initial pretrial conference nor submitted a proposed discovery plan, (2) failing to appear at his Show Cause hearing or otherwise respond to this matter, and (3) failing to participate

3

in discovery.  (Dkts. 17 and 22.)

The undersigned recommends that plaintiff's Complaint be dismissed with prejudice.  Four factors must be examined to determine whether the harsh sanction of dismissal with prejudice is required.  <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 921 (4th Cir. 1982).  The Court must consider: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal.  <u>Id.</u> at 920 (quoting <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978)).

In the instant case, the entire responsibility rested with plaintiff as a *pro se* complainant.  Furthermore, defendant was prejudiced by the time and costs spent litigating a case against a plaintiff who failed to appear and obey court orders. Plaintiff demonstrated a history of ignoring required appearances by failing to appear for the initial pretrial conference and failing to appear at his Show Cause hearing. (Dkts. 17 and 22.)  Finally, a sanction less drastic than dismissal will not remedy plaintiff's pattern of avoiding court appearances and failing to obey court orders.  Therefore, the undersigned recommends that plaintiff's Complaint should be dismissed with prejudice.

III. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that the plaintiff's Complaint against defendant American Airlines be dismissed for failure to prosecute and failure to comply with court orders.

IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

6060 Tower Ct. #804
Alexandria, VA 22304

                                           /s/
                          THERESA CARROLL BUCHANAN
                          UNITED STATES MAGISTRATE JUDGE

May 21, 2014

Alexandria, Virginia