IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ABDOLALI MEHRAZ, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv1225 |
| ) | |
| AMERICAN AIRLINES, ) | |
| Defendant. ) | |

## ORDER

The matter is before the Court on a Report and Recommendation of the United States Magistrate Judge recommending that this matter be dismissed with prejudice based on the *pro se* plaintiff's failure to prosecute and failure to comply with court orders.

Plaintiff Abdolali Mehraz initiated this employment discrimination action on November 9, 2011, by filing a complaint against his former employer, defendant American Airlines. On February 28, 2012, shortly after defendant was served by the U.S. Marshal's Service with the complaint and summons, defendant filed a suggestion of bankruptcy advising that defendant and several of its affiliates and subsidiaries had filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Thus, by Order dated February 29, 2012, this matter was stayed pursuant to the automatic stay provisions set forth in 11 U.S.C. § 362(a). *Mehraz v. American Airlines*, 1:11cv1225 (E.D. Va. Feb. 29, 2012) (Order). The matter thereafter remained stayed for more than two years, while defendant's bankruptcy proceeding was ongoing.

On April 14, 2014, defendant filed a notice advising that it had emerged from bankruptcy and that the automatic stay no longer applied to this case. The stay was accordingly lifted by Order dated April 15, 2014, and a standard scheduling order was issued on the same date. *See Mehraz v. American Airlines*, 1:11cv1225 (E.D. Va. April 15, 2014) (Orders). Yet, the record

1

reflects that the *pro se* plaintiff never received actual notice that the stay had been lifted, or that a scheduling order had issued. Rather, the docket sheet in this matter reflects that the April 15, 2014 Orders that had been mailed to the *pro se* plaintiff at his address of record—6060 Tower Ct. #804, Alexandria, VA 22304—were returned to the Clerk's Office on April 25, 2014 as "undeliverable." The Magistrate Judge nonetheless held an initial pretrial conference on May 7, 2014, in accordance with the schedule set forth in the April 15, 2014 scheduling order. Not surprisingly, the *pro se* plaintiff did not appear at the initial pretrial conference. Later that day, the Magistrate Judge issued an order to show cause why plaintiff should not be held in contempt for failing to appear at the May 7, 2014 initial pretrial conference. *See Mehraz v. American Airlines*, 1:11cv1225 (E.D. Va. May 7, 2014) (Order to Show Cause). In the May 7, 2014 Order, plaintiff was directed to appear at a show cause hearing scheduled before the Magistrate Judge at 10:00 a.m. on May 20, 2014.

Like the April 15, 2014 Orders, the Magistrate Judge's May 7, 2014 show cause order that was mailed to the *pro se* plaintiff at his record address was returned to the Clerk's Office on May 14, 2014 as "undeliverable." Six days later, on May 20, 2014, the Magistrate Judge held the scheduled show cause hearing, noted plaintiff's absence in open court, and took the matter under advisement. The following day, the Magistrate Judge issued the Report and Recommendation now at issue.

In the Report and Recommendation, the Magistrate Judge concluded, *inter alia*, that

> plaintiff has failed to prosecute his action by (1) disregarding the Court's Order of April 15, 2014, when he neither appeared at the initial pretrial conference nor submitted a proposed discovery plan, (2) failing to appear at his Show Cause hearing or otherwise respond to the matter, and (3) failing to participate in discovery.

2

*Mehraz v. American Airlines*, 1:11cv1225 (E.D. Va. May 21, 2014) (Report and Recommendation), at 3-4. The Magistrate Judge further concluded that "[p]laintiff demonstrated a history of ignoring required appearances" and that "a sanction less drastic than dismissal will not remedy plaintiff's pattern of avoiding court appearances and failing to obey court orders." *Id.* at 4. For these reasons, the Magistrate Judge recommends that plaintiff's complaint be dismissed <u>with</u> prejudice for failure to prosecute and for failure to comply with court orders. Yet significantly, the Report and Recommendation fails to recognize that all of the orders issued in this case since the stay was lifted in April of this year, including the order actually lifting the stay, were returned to the Clerk's Office as undeliverable. In other words, the Magistrate Judge did not acknowledge that plaintiff (presumably) is not even aware that the automatic stay that was imposed in this matter in early 2012 was lifted, and that the case had been returned to the active docket.

It is clear that a *pro se* plaintiff, like any other party, is required to advise the Court of any change in his or her record address. *See, e.g., Lane v. Woody*, 290 F. App'x 547, 548 (4th Cir. 2008) (affirming the district court's order dismissing without prejudice a *pro se* plaintiff's complaint for failing to provide a current mailing address, because the plaintiff "was obligated to keep the district court informed of any change of address"). A current and correct address is particularly important in *pro se* cases given that all orders issued by the Court, as well as all pleadings and documents filed by defendant, are typically only mailed to the *pro se* party's address of record. Indeed, without a request from the *pro se* party and prior authorization of the Court, neither of which occurred here, *pro se* parties do not receive electronic or email notices of case filings.

3

Here, the record is quite clear that plaintiff no longer resides at the address listed on his 2011 complaint and entered on the docket sheet when the case was opened. Nor has plaintiff ever advised the Court of any change in his address from 2011 until the present. As a courtesy, an employee of the Clerk's Office, at the Court's direction, has called the phone number listed on the docket sheet for plaintiff more than fifteen times during the past month. Neither plaintiff, nor any other individual, answered any of these calls, and at least three voicemail messages were left directing the *pro se* plaintiff to contact the particular Clerk's Office employee immediately regarding the instant action. Plaintiff did not respond to any of these voicemails, and the last call that was made by the Clerk's Office on August 12, 2014, again went straight to voicemail.

In the circumstances, it appears clear that dismissal of plaintiff's complaint based on his failure to prosecute is the appropriate disposition of the case. Yet, the underlying basis for the dismissal differs significantly from the reasons set forth in the Report and Recommendation. Indeed, it is appropriate in this instance to dismiss plaintiff's complaint based solely on his failure to keep the Court informed of his current address. It is also appropriate that this dismissal be without prejudice, rather than with prejudice as recommended by the Magistrate Judge.[1]

Accordingly, for the foregoing reasons, and for good cause,

It is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** only insofar as it recommends that plaintiff's complaint be dismissed for failure to prosecute.

---

[1] *See, e.g. Lane*, 290 F. App'x at 548 (affirming the district court's dismissal of a *pro se* plaintiff's complaint <u>without</u> prejudice based on plaintiff's failure to provide the court with a current address); *Floyd v Hampton Regional Jail*, 210 F. App'x 339, 340 (4th Cir. 2006) (same); *Faulk v. Dixon*, 933 F.2d 1001 (Table), (reversing the district court's dismissal of a *pro se* plaintiff's complaint <u>with</u> prejudice based on the plaintiff's failure to update his record address, and remanding the matter for further proceedings).

It is further **ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice for failure to prosecute, specifically based on plaintiff's failure to keep the Court informed of his current address.

Should plaintiff wish to appeal this Order, he must do so by filing a written notice of appeal within thirty (30) days, pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed (i) to send a copy of this Order to the Magistrate Judge, all counsel of record, and plaintiff at his record address,[2] and (ii) to place this case among the ended matters.

Alexandria, VA
August 14, 2014

/s/
T. S. Ellis, III
United States District Judge

---

[2] Of course, this is likely just a formality for the record, as the Order will doubtless be returned to the Clerk's Office as "undeliverable."

5